UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: HERCULES OFFSHORE, INC.,
SECURITIES AND DERIVATIVE LITIGATION

| | | |
|---|---|---|
| Pinchus E. Raul v. John T. Rynd, et al. | ) | |
|     D. Delaware, C.A. No. 1:11-00560 | ) | MDL No. 2285 |
| Sean Matthews v. John t. Rynd, et al. | ) | |
|     S.D. Texas, C.A. No. 4:11-02706 | ) | |

## ORDER DENYING TRANSFER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action pending in the Southern District of Texas moves to centralize in that district his action and an action pending in the District of Delaware (*Raul*).

The District of Delaware *Raul* plaintiff opposes centralization. All defendants responded to the motion; they neither support nor oppose the motion, but believe discovery in these actions will be minimal and there is little danger of inconsistent pretrial rulings.

On the basis of the papers filed and the hearing session held, we will deny the motion. It is undisputed that these actions share factual questions arising out of allegations that the Hercules Offshore, Inc. (Hercules), Board of Directors breached fiduciary duties by approving 2010 compensation for Hercules's top executives despite the failure of a "say-for-pay" shareholders vote on that compensation. We are not persuaded, however, that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Only two actions are pending, and movant has not met his burden of demonstrating the need for centralization of such a minimal number of actions. *See, e.g., In re Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moreover, it appears that the facts in these cases are largely undisputed and, therefore, discovery will not be extensive or overly complex. Counsel can avail themselves of alternatives to Section 1407 transfer to minimize whatever possibilities there are of duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Helicopter Crash Near Zachary, La., on Dec. 9, 2004*, 484 F. Supp. 2d 1354, 1355 (J.P.M.L. 2007) (citing *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978)); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

    [*]   Judge W. Royal Furgeson, Jr. took no part in the disposition of this matter.

-2-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil          Frank C. Damrell, Jr.
Barbara S. Jones           Paul J. Barbadoro
Marjorie O. Rendell